UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KHALIL COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:23-00013-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DEPARTMENT OF CORRECTIONS, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Khalil Coleman is an inmate confined at the Wayne County Detention Center.  Coleman has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  [R. 1.]  The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review Coleman's Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In April 2022, Coleman was found guilty of First Degree Robbery in the Circuit Court of Kenton County, Kentucky.  In August 2022 Coleman was sentenced to 10 years imprisonment.[1] Coleman filed this action in February 2023, complaining that beginning in April 2022 various

---

[1]  *See Commonwealth v. Coleman*, No. 21-CR-0294-1 (Kenton Cir. Ct. 2021).

conditions of his confinement at four different county jails violated his constitutional rights. Coleman filed his Complaint in the United States District Court for the Western District of Kentucky.  *See Coleman v. Kenton Co. Det. Ctr.*, No 3: 23-CV-P86-GNS (W.D. Ky. 2023). Upon initial review the Western District concluded that Coleman's claims against each of the four jails and the Kentucky Department of Corrections ("KDOC") belonged in separate suits, and ordered the matters severed into five distinct cases.  It further concluded that the proper venue for three of the severed matters was in this District and transferred each of them to this Court pursuant to 28 U.S.C. § 1406(a).  [*See* R. 4.]

This case encompasses only Coleman's claims asserted against KDOC.  [*See* R. 4 at 3 ¶ 4.]  Coleman asserts that KDOC failed to adhere to a state regulation which required it to transfer him to a state prison within 45 days after sentence was imposed because he is "unclassified as a class A or B felony."  Coleman contends that a state prison would have better legal resources as well as rehabilitative classes and programs.  [R. 1 at 6-7.]  Coleman names KDOC as the Defendant in the caption to his Complaint, *see id.* at 1, but later names Commissioner Cookie Crews in her official capacity as the Defendant.  *See* at 3.[2]  Coleman seeks monetary damages as well as an injunction "enforcing law library; 45 day transfer to DOC" and "request change legislative DOC policies."  *Id*. at 8.

For purposes of discussion the Court assumes that as required by federal law, Coleman exhausted his administrative remedies with respect to his claims by filing appropriate inmate grievances and pursuing all available appeals.  *See* 42 U.S.C. § 1997e(a).  Regardless, the Court concludes that Coleman's Complaint must be dismissed with prejudice.  An "official capacity"

---

[2]  These conflicting identifications of the Defendant are repeated in the summons tendered by Coleman.  [*See* R. 1-1 at 1.]

claim against a state official like Commissioner Crews is not a claim against the officer arising out of his or her conduct as an employee of the state but is actually a claim directly against the state agency which employs them. *Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018); *Baar v. Jefferson Co. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012) (quoting *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of law. Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Coleman's official capacity claims are therefore civil rights claims against KDOC.

However, KDOC is not subject to suit under Section 1983 in federal court. KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 12.250; *Gibbons v. Ky. Dept. of Corrs.*, No. 3:07CV-P697-S, 2008 WL 4127847, at *2-3 (W.D. Ky. Sept. 4, 2008). Therefore, KDOC is not a "person" subject to liability under Section 1983. *Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In addition, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

While sovereign immunity bars Coleman's claim for damages, it does not prevent the Court from issuing an injunction to prevent a state official from actively engaging in an ongoing constitutional violation. *Cf. Doe v. DeWine*, 910 F.3d 842, 849 (6th Cir. 2018) (*citing Ex parte*

*Young*, 209 U.S. 123 (1908)). Here, Coleman seeks an injunction enforcing the 45-day rule.[3]

Regardless of whether KDOC has complied with this state law, Coleman's allegations do not

establish a violation of his rights under the federal Constitution. As this Court has previously

explained:

> Placement and classification decisions with respect to state prisoners are within the discretion of jail or prison officials, *see e.g.*, 501 Ky. Admin. Regs. 3:110, and the Court sees no reason to interfere with these decisions, even if it has the authority to do so. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed."). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution."); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Prisoners do not have a constitutional right to be incarcerated in any particular institution."); *Archer v. Reno*, 877 F. Supp. 372, 377–78 (E.D. Ky. 1995) ("The district courts are not authorized to order that an inmate be placed in a particular institution.").

*Newton v. Franklin Cnty. Reg'l Jail*, No. 3: 19-CV-6-GFVT (E.D. Ky. Apr. 24, 2019). *See also*

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (noting that "the Constitution itself does not give

rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.");

*Hurley v. Ky. Dept. of Corr.*, No. 08-91-GFVT (E.D. Ky. Sept. 23, 2009) (dismissing claims

identical to those presented here for failure to state either an equal protection or due process

claim). Because even an established violation of the 45-day rule does not violate Coleman's

constitutional rights, his Complaint must be dismissed.

Accordingly, it is **ORDERED** as follows:

1.    Plaintiff Khalil Coleman's Complaint **[R. 1]** is **DISMISSED** with prejudice.

---

[3]  *See* Ky. Rev. Stat. § 531.100(8) ("State prisoners, excluding the Class D felons and Class C felons qualifying to serve time in jails, shall be transferred to the state institution within forty-five (45) days of final sentencing.").

2.       The Court will enter a corresponding Judgment.

3.       This action is **STRICKEN** from the Court's docket.

This the 17th day of March 2023.

Gregory F. Van Tatenhove
United States District Judge